GRAND LODGE, COLORED KNIGHTS OF PYTHIAS, et al. v. HORACE.
(No. 7258.)

(Court of Civil Appeals of Texas. Galveston. Dec. 12, 1916. Rehearing Denied Jan. 25, 1917.)

1. APPEAL AND ERROR ☞927(7) — REVIEW — FINDINGS—ASSUMPTION AS TO EVIDENCE.

In suit on an endowment policy issued by a fraternal order, where the court did not submit, and was not requested by either party to submit, the issue of whether the insured had ever been suspended from his lodge, and the question propounded the jury assumed that he had been suspended, and plaintiff does not, by any cross-assignment of error, complain of such action of the court, the Court of Appeals will assume that the undisputed evidence justified the court in taking such question from the jury and resolving it in favor of defendant as matter of law.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3748; Dec. Dig. ☞927(7).]

2. INSURANCE ☞791(1) — FRATERNAL INSURANCE—AMOUNT RECOVERABLE.

Where an endowment policy issued by a fraternal order provided for a payment of $300 should death occur during the first 12 months of membership, based on the date of the policy, $400 should it occur after the first 24 months, and $500 should it occur after the first 36 months, and provided that if the holder of the policy should be suspended and reinstated, he should be classed as a new member, the beneficiary was entitled to recover, on the death of insured, who was suspended, reinstated, and died within 12 months thereafter, only $300.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1961, 1962; Dec. Dig. ☞791(1).]

Appeal from Austin County Court; C. G. Krueger, Judge.

Suit by Alice Horace against the Grand Lodge, Colored Knights of Pythias, and others. From a judgment for plaintiff, defendants appeal. Judgment reformed and affirmed.

L. D. Brown, of La Grange, for appellants. W. I. Hill and C. C. Glenn, both of Sealy, for appellee.

McMEANS, J. Alice Horace brought this suit against appellants to recover $500 upon an endowment policy of insurance issued by the appellants upon the life of her husband, O. H. Horace, in which she was named as beneficiary. A trial was had before a jury, and upon the return of their verdict, which was in the form of answers to special issues, a judgment was rendered in favor of plaintiff for the full amount sued for, from which the defendants have appealed.

The policy sued on provides that:

"Knight O. H. Horace, a member of Good Hope Lodge No. 192, located at Sealy, Texas, is, while in good standing as a member of the fraternity, entitled to participate in its beneficiary fund to the amount of three hundred dollars should his death occur during the first twelve months of his membership, based upon the date of the policy; four hundred dollars should his death occur after the first twenty-four months of his membership, based upon the date of the policy; five hundred dollars should his death occur after the first thirty-six months of his membership, based upon the date of the policy."

There was this further provision in the policy:

"(6) Should the holder of this certificate become unfinancial or suspended for any cause from the order, and is afterwards reinstated into the order, he shall be classed as a new member; and this association shall be liable for such amounts on the conditions provided for members on the face of the policy based upon the date of reinstatement."

The policy was issued in 1909, and the insured was killed on July 28, 1913.

One of the issues tendered by defendants in their pleadings was that O. H. Horace had

been suspended by the lodge on February 19, 1913, and that at the time of his death he was not in good standing in the order. To this the plaintiff replied that if O. H. Horace was ever suspended he was duly reinstated and was in good standing at the time of his death. The issue whether the insured had been suspended was not submitted to the jury, but the court submitted the issue of his reinstatement in the following language:

"(1) State whether you believe from the evidence that Good Hope Lodge 192, Colored Knights of Pythias, acquiesced in or consented to the acts of the Chancellor Commander of the aforesaid lodge in reinstating Oliver Horace after he had been suspended."

This question was answered by the jury in the affirmative.

[1] The court did not submit, nor was it requested by either party to submit, the issue of whether the insured had ever been suspended from the lodge. The question propounded assumed that he had been suspended, and as the appellee does not, by any cross-assignment of error, complain of this action of the court, it will be regarded that the undisputed evidence justified the court in taking that question from the jury and resolving the same in favor of defendant as a matter of law. The court having, then, determined that the insured had been suspended, and the jury having in effect found that he had been reinstated, was the plaintiff entitled to a judgment for $500? We think this question should be answered in the negative.

[2] The evidence justifies the conclusion that the insured was suspended on February 19, 1913, that he was reinstated April 2, 1913, and that he died within 12 months thereafter, to wit, on July 28, 1913; and, further, that after his reinstatement he paid or tendered all dues and assessments necessary to keep the policy in force. In these circumstances the insured at the time of his death, in virtue of the provisions of the policy with reference to the amount for which he was insured, above quoted, should have been classed as a new member, and the order was liable to his beneficiary for only such an amount as would have been payable in case of a member dying within the first 12 months after the date of his policy. We think, therefore, that the judgment of the trial court should have been for $300 instead of $500, and said judgment is here reformed so as to award a recovery for appellee in the sum of $300.

All the assignments of error have been carefully examined by us, but with the exception of the one complaining of the amount of the award are deemed to be without merit, and are overruled.

The judgment of the court below is accordingly reformed, and, as reformed, is affirmed.

Reformed and affirmed.