## TRUE PEOPLE OF AMERICA v. TAYLOR.

### No. 4133.

Court of Civil Appeals of Texas. Texarkana.

Feb. 9, 1932.

Rehearing Denied Feb. 11, 1932.

Robt. F. Higgins, of Tyler, for appellant.

L. O. Meadows, of De Kalb, and Keeney & Moseley, of Texarkana, for appellee.

SELLERS, J.

The appellee, Florence Taylor, brought this suit in the district court of Bowie county against the appellant, True People of America, a fraternal benefit association organized and existing under the laws of the state of Texas, to recover as beneficiary upon two certificates of insurance upon the life of her deceased husband, Harry C. Taylor. One certificate denominated an endowment certificate for the sum of $500, and the other a burial certificate for the sum of $90.

The appellant defended upon a number of grounds not necessary here to state, since we have concluded that all of appellant's assignments are without merit except those relating to the court's failure to grant it relief under its alternative plea, which plea raises the question of the amount the appellee was entitled to recover under the facts of this case.

The facts as disclosed by the court's finding of facts and the undisputed evidence show that Harry C. Taylor, the deceased husband of appellee, had been suspended from appellant society for more than four months at the time of his reinstatement on November 26, 1929; that the burial certificate here involved was issued on the date of his reinstatement; that Harry C. Taylor died December 2, 1929, and after his death the appellant paid the appellee the sum of $115. The constitution and by-laws of appellant society, together with all amendments thereto, are expressly made a part of the certificate's issue upon the life of the deceased, Harry C. Taylor, and, among other provisions, contain the following: -

"The Endowment Benefits payable under this certificate shall be: One-fifth ($\frac{1}{5}$) should death of assured occur the first four months; Two-fifths ($\frac{2}{5}$) should death occur the second four months; Three-fifths ($\frac{3}{5}$) should death occur the third. four months; and the full face value thereof should death occur on and after twelve months from the date of the issuance hereof.

"Should the holder of this certificate become suspended for any cause from the Order; and so remain for a period of four (4) months or more and is restored to membership in the Order, he shall be classed as a new member and in case of death the Grand Lodge of True People of America of Texas shall be liable for such an amount as the Laws provide for the payment of new members."

An amendment to the constitution passed in July, 1929, provides as follows: "And upon satisfactory proof of death pay as first relief; that is, if a member has been in the Order past four months, a $90.00 burial and $\frac{1}{5}$ of the policy. If a member dies in less than four months in the Order only one-half burial $90 ($45) is payable plus $\frac{1}{5}$ of policy."

The trial was before the court without aid of a jury, and judgment was entered by the court in favor of appellee for the sum of $430, from which judgment the appellant has duly prosecuted this appeal.

It is apparent that the court's judgment was arrived at by allowing appellee a recovery of $500 on the endowment certificate and

$45 on the burial certificate, and then deducting therefrom the amount of $115 which had theretofore been paid appellee by appellant.

The court found that the burial certificate sued upon was not issued until November 26, 1929, and Harry C. Taylor having died on December 2, 1929, under the · above-quoted amendment to its constitution, the court properly limited appellee's recovery on the burial certificate to $45.

As we view it, the court erred in rendering judgment for the full face value of the endowment certificate. The deceased, Harry C. Taylor, having been suspended for more than four months ·at the time of his reinstatement, the above-quoted clause classifying him as a new member applied, and his death having occurred during the first four months after his reinstatement, appellee was only entitled to recover one-fifth of the face value of the certificate. Grand Lodge, Colored Knights of Pythias, et al. v. Horace (Tex. Civ. App.) 191 S. W. 398.

The judgment of the trial court will·be reformed so as to allow appellee to recover of appellant the sum of $30 instead of $430, and as so reformed, the judgment will be affirmed.